T.C. Summary Opinion 2002-71

UNITED STATES TAX COURT

JOSEPH B. ZINN, Petitioner $\underline{v}$.
COMMISSIONER OF INTERNAL REVENUE, Respondent

Docket No. 6261-01S.                    Filed June 12, 2002.

Joseph B. Zinn, pro se.

Frank Jackson, for respondent.

GOLDBERG, Special Trial Judge:  This case was heard pursuant to the provisions of section 7463 of the Internal Revenue Code in effect at the time the petition was filed.  The decision to be entered is not reviewable by any other court, and this opinion should not be cited as authority.  Unless otherwise indicated, subsequent section references are to the Internal Revenue Code in effect for the year in issue, and all Rule references are to the Tax Court Rules of Practice and Procedure.

Respondent determined a deficiency in petitioner's Federal income tax for the taxable year 1998 of $1,349.

The issue is whether petitioner failed to include in income certain U.S. Treasury bill interest and original issue discount income. An adjustment to Social Security annuity income is computational and will be resolved by the Court's holding in this case.

The stipulation of facts and the attached exhibits are incorporated herein by this reference. At the time the petition was filed, petitioner resided in New York, New York.

In 1998, petitioner owned a number of Treasury marketable securities (including bills and an inflation-indexed debt instrument), of which the following are in issue:

| CUSIP No. | Par Amount |
|-----------|------------|
| 9127944T8 | $20,000 |
| 9127944U5 | $20,000 |
| 9127944WJ | $25,000 |
| 9127945A8 | $20,000 |
| 9128272M3 | $15,000 |

The Department of Treasury, Bureau of Public Debt (the Bureau), provided the following information regarding the Treasury bills and inflation-indexed debt instrument which is part of the record of this case:

Treasury Bills

| CUSIP No. | Par Amount | Purchase Price | Purchase/ Issue Date | Maturity Date | Refund/ Interest Payment |
|---|---|---|---|---|---|
| 9127944T8 | $20,000 | $18,855.40 | 04/03/97 | 04/02/98 | $1,144.60 |
| 9127944U5 | $20,000 | 18,843.20 | 05/01/97 | 04/30/98 | 1,156.80 |
| 9127944WJ | $25,000 | 23,642.75 | 06/26/97 | 06/25/98 | 1,385.25 |
| 9127945A8 | $20,000 | 18,948.40 | 10/16/97 | 10/15/98 | 1,051.60 |

Inflation-Indexed Debt Instrument

| CUSIP No. | Par Amount | Purchase Price | Issue Date | Maturity Date | Original Issue Discount | Original Issue Discount Reporting Period |
|---|---|---|---|---|---|---|
| 9128272M3 | $15,000 | $14,922.30 | 02/06/97 | 01/15/07 | 227.25 | 12/31/97- 12/31/98 |

Petitioner timely filed his 1998 tax return without reporting the interest income or original issue discount income listed above.

Respondent issued a notice of deficiency determining that petitioner received interest income totaling $4,927 upon the maturation of four U.S. Treasury bills in 1998 and the receipt of original issue discount income representing an increase in value of the inflation-indexed debt instrument in 1998. The Commissioner relied on Forms 1099 furnished by the Bureau to determine the omitted income in question.

Petitioner contends that the U.S. Treasury instruments in issue did not mature in 1998, but rather were purchased in 1998, and, therefore, are not includable in income in 1998.

Furthermore, at trial he no longer had any records pertaining to these securities.

The law is clear. Gross income includes all income from whatever source derived. Sec. 61(a). Section 61(a)(4) specifically includes income derived from interest. It is required under Federal law that taxpayers maintain adequate and accurate tax records. Sec. 6001.

Under the Tax Court Rules of Practice and Procedure, petitioner generally bears the burden of proof. Rule 142. However, section 6201(d) provides that where a taxpayer asserts a reasonable dispute in any Court proceeding with respect to any item of income reported on Form W-2, Wage and Tax Statement, or Form 1099 by a third party and the taxpayer has fully cooperated with the Secretary, then the Secretary shall have the burden of producing reasonable probative information to support the deficiency. Assuming petitioner has asserted a reasonable dispute over the accuracy of the information return (e.g., Form 1099) and has fully cooperated, respondent has met the burden of producing probative evidence which was received in the record (e.g., Bureau of Public Debt information). Furthermore, petitioner failed to introduce any credible evidence; thus, he failed to meet the requirements of section 7491(a), as amended, so as to place the burden of proof on respondent with respect to any factual issue relevant in ascertaining liability for the tax

deficiency in issue.  Higbee v. Commissioner, 116 T.C. 438 (2001).

According to Form PDF 5329 provided by the Bureau, "interest received from Treasury bills is the difference between the purchase price and the redemption amount -- not the discount payment received when a bill is issued.  Therefore, INTEREST FROM BILLS IS TAXABLE AND REPORTABLE TO THE IRS FOR THE YEAR THE BILL MATURES."  Accord Vance v. Commissioner, T.C. Memo. 1989-95.

Despite petitioner's contention that the U.S. Treasury bills in issue were purchased in 1998, evidence in the record clearly shows that the bills were indeed purchased in 1997 and matured in 1998.  We find that petitioner failed to report the interest income on the Treasury bills as shown above.  Accordingly, respondent is sustained as to the interest on the U.S. Treasury bills.

Under section 1272(a)(1), there shall be included in the gross income of the holder of any debt instrument having original issue discount issued after July 1, 1982, the sum of the daily portions of the original issue discount for each day during the taxable year on which he held the debt instrument.  The term "debt instrument" includes inflation-indexed debt instruments. Sec. 1275(a); sec. 1.1275-7(a), Income Tax Regs.  Section 1.1275-7(a), Income Tax Regs., provides two methods to calculate the original issue discount on inflation-indexed debt instruments:

The coupon bond method or the discount bond method.  In this case, the coupon method applies to petitioner's inflation-indexed debt instrument.  Sec. 1.1275-7(d), Income Tax Regs.  The Bureau provided the following information as to petitioner's inflation-indexed debt instrument, CUSIP 9128272M3, which was received into evidence:

> The value of the Inflation-Indexed security keeps pace with inflation and rises along with it.  However, if deflation prevails over the life of the security, the investor is guaranteed the original par amount of the security at maturity.  The Original Issue Discount amount of $227.25, reported in 1998, represents how much the security's value increased because of inflation, even though the investor will not receive the inflated principal until maturity.

Petitioner failed to offer any evidence or testimony to support his contention that the inflation-indexed debt income is not includable in income during 1998.  Accordingly, we find that the income accrued in 1998 on the inflation-indexed debt is includable in petitioner's income.

We have considered all arguments by the parties, and, to the extent not discussed above, conclude that they are irrelevant or without merit.

Reviewed and adopted as the report of the Small Tax Case Division.

<u>Decision will be entered for respondent</u>.